**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ROOSEVELT HARRIS** **PETITIONER**

**vs.** **CAUSE No. 3:25-CV-730-HTW-LGI**

**WARDEN HENRY FELTON** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION [17] AND GRANTING MOTION [12] TO DISMISS**

This matter is before the Court on the Report and Recommendation **[17]** of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause on June 26, 2026. Respondent in this *habeas corpus* action filed a Motion **[12]** to Dismiss Petitioner Roosevelt Harris's ("Petitioner") Petition **[1]** for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.[1] Magistrate Judge Isaac recommends that the Motion **[12]** be granted, ***see* [17] at 1,** and the Petition **[1]** be dismissed with prejudice as time-barred,[2] pursuant to 28 U.S.C. § 2244(d).[3] Magistrate Judge Isaac's Report and Recommendation **[17]** advised all parties to file objections thereto in

[1] Section 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] Magistrate Judge Isaac alternatively recommends that Petitioner's "sentence computation claim be dismissed for lack of exhaustion, with prejudice, or alternatively, without prejudice." **[17] at 11.**

[3] Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

accordance with the Local Rules. *See* L.U. CIV. P. 72(a)(3) ("After service of a copy of the magistrate judge's report and recommendations, each party has 14 days to serve and file written objections to the report and recommendations.").

Petitioner timely filed an 118-page Objections **[19]** brief to the Report and Recommendation,[4] and Respondent filed a Notice **[22]** of Intent Not to File a Formal Response. *See* L.U. CIV. P. 72(a)(3) ("Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection."). Having thoroughly conducted an independent review of the Motion to Dismiss, the Report and Recommendation, Petitioner's Objections, the record, and the relevant law, the Court finds that the Objections should be OVERRULED and the Report and Recommendation ADOPTED as the opinion of this Court.

Petitioner's Objections advance the same arguments contained in his Responses **[14], [16]** to the Motion to Dismiss. Generally, then, "*de novo* review is unwarranted," and instead, the Report and Recommendation is "reviewed for clear error." *See Robertson v. Berryhill*, No. 1:16CV295, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018); *see Newell v. Cain*, No. 2:23-CV-88, 2026 WL 2851688, at *2 (S.D. Miss. Sept. 22, 2026) ("[M]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review.");

[4] The Court finds that Petitioner received service of the Magistrate Judge's Report and Recommendation **[17]** on July 8, 2026, and filed Objections **[19]** on July 27, 2026. *See Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) ("Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing."); *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) ("[A] *pro se* prisoner's written objections to a magistrate's [judge's] report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court."). Since Petitioner is proceeding *pro se* and was served "via mail, the Court allows him three additional days to file objections." *Quamey v. Warden, FCI Yazoo City II*, No. 3:25-CV-429, 2026 WL 679175, at *1 (S.D. Miss. Mar. 10, 2026) (citing FED. R. CIV. P. 6(d)). Thus, Petitioner's objections were due on July 25, 2026—17 days after service on July 8, 2026. Since July 25 fell on a Saturday, Petitioner had until Monday, July 27, to "file" objections. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Accordingly, Petitioner timely filed his Objections.

*see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Nevertheless, Petitioner's Objections fail under any standard of review. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a "one-year statute of limitations for federal *habeas* proceedings." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)). Pursuant to 28 U.S.C. § 2244(d)(1), that one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Further, Section 2244(d)(2) tolls the statute of limitations during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

The Report and Recommendation correctly explains that the one-year statute of limitations ran uninterrupted from July 8, 2021, to July 8, 2022. ***See*** **[17] at 4.** Petitioner filed the instant Petition in September 2025, more than three years after the statutory filing deadline. *See* § 2244(d)(1). The Report and Recommendation properly concluded that Petitioner cannot establish any entitlement to tolling of the one-year limitation period. ***See*** **[17] at 4-8.** As to statutory tolling, the Court agrees that no "State action" prevented Petitioner from timely filing the instant Petition, *see* § 2244(d)(1)(B); Petitioner asserts no constitutional rights of the kind described in Section 2244(d)(1)(C), nor any newly discovered "factual predicate[s]" under Section

2244(d)(1)(D); and Petitioner is not entitled to Section 2244(d)(2) tolling as the one-year period of limitation expired *prior to* him filing a request for state post-conviction relief.

Next, the Magistrate Judge is correct that Petitioner cannot meet the requirements for equitable tolling. *See, e.g.*, *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) ("[E]quity is not intended for those who sleep on their rights." (quoting *Mathis v. Thaler,* 616 F.3d 461, 474 (5th Cir. 2010))); *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) ("[E]quitable tolling is available 'only in rare and exceptional circumstanaces,' . . . 'delays of the petitioner's own making do not qualify.'" (citations omitted)); *Floyd v. Vannoy*, 894 F.3d 143, 154–55 (5th Cir. 2018) ("[T]he 'fundamental miscarriage of justice exception['s]' . . . demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'") (citations omitted)). While Petitioner vaguely claims that his "evidence . . . satisfies the actual-innocence gateway," *see, e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)**; [19] at 18–21,** this Court concludes that Petitioner comes nowhere close to meeting that high burden, *see Lewis v. Lumpkin*, No. 19-40823, 2021 WL 4699077, at *1 (Apr. 5, 2021) (unpublished) ("[A]ctual innocence may excuse a procedural bar to federal post-conviction review of constitutional claims—but only where the prisoner can show that no jury would have found him guilty beyond a reasonable doubt based on new, reliable evidence.").

Lastly, as to Petitioner's challenge to his sentence computation, the Magistrate Judge concluded that this argument was untimely, ***see* [17] at 8–9,** unexhausted, ***see id.* at 9–10,** and meritless as foreclosed by Mississippi law, ***see id.* at 10–11.** To the extent Petitioner objects to those findings, this Court specifically concludes that the one-year limitation period bars

Petitioner's sentence computation claim. *See, e.g.*, *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002).

Upon full consideration of Petitioner's Objections **[19]**, this Court agrees with the Magistrate Judge's conclusion that the Petition is irretrievably time-barred. Accordingly, the Court OVERRULES the Objections **[19]**, ADOPTS Magistrate Judge Isaac's Report and Recommendation **[17]** as the opinion of this Court, GRANTS Respondent's Motion **[12]** to Dismiss, and DISMISES the Petition **[1]** as barred by the applicable statute of limitations. Because amendment would be futile, the Court dismisses the Petition with prejudice. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation **[17]** of Magistrate Judge LaKeysha Greer Isaac entered on June 26, 2026, is hereby ADOPTED as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Respondent's Motion **[12]** to Dismiss is GRANTED, and Petitioner Roosevelt Harris's Petition **[1]** for Writ of *Habeas Corpus* is DISMISSED WITH PREJUDICE. This Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that a separate Final Judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED this the 29th day of September, 2026.**

**/s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**